UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PATRICIA BARNETTE MYERS                                                        PLAINTIFF

VS.                                                     CIVIL ACTION NO. 3:06CV41 DPJ-JCS

VICTORIA'S SECRET a/k/a LIMITED BRANDS
STORE OPERATIONS, INC.                                                         DEFENDANT

MEMORANDUM OPINION AND ORDER

This employment discrimination case is before the Court on motion of Defendant Victoria's Secret Stores LLC for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Patricia Barnette Myers has responded in opposition. The Court, having considered the memoranda and submissions of the parties, along with the pertinent authorities, concludes that Defendant's motion should be granted.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Patricia Myers, a white female, began work with Victoria's Secret in January 2001 at Defendant's Northpark Mall store in Ridgeland, Mississippi. During Plaintiff's employment, the Northpark Mall location consisted of two separate departments, lingerie and cosmetics, the latter of which employed Plaintiff as a co-manager. In February 2005, Defendant unexpectedly announced a merger of the entities that it claims operated the two departments and further announced a reduction-in-force that eliminated certain managerial positions. At the NorthPark Mall location, Defendant retained three African-American managers but terminated Plaintiff's employment.

Ms. Myers submits that the alleged merger and attendant reduction-in-force were actually pretext for unlawful employment discrimination, and she brings this suit contending that she was

discharged on account of her race (white) in violation of Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.[1]  Defendant moved for summary judgment.

## II.     ANALYSIS

Although Plaintiff alleges in her memorandum that direct evidence of discrimination exists, the Court finds no such evidence in the record and therefore proceeds under the familiar burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  In a reduction-in-force case, a plaintiff first makes out a prima facie case of discrimination by showing: (1) that she is a member of a protected group; (2) that she has been adversely affected by the employer's decision; (3) that she was qualified to assume another position at the time of the discharge; and (4) "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue."  *Amburgey v. Cohart Refractories Corp., Inc.*, 936 F.2d 805, 812 (5th Cir. 1991); *see also Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38 (5th Cir. 1996).

The burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment action, and if such a reason is proffered, the presumption raised by the prima facie case disappears.  *Nichols*, 81 F.3d at 41.  A reduction-in-force is among the legitimate non-discriminatory reasons for a discharge recognized by the Fifth Circuit Court of

---

[1]  In her Complaint, Plaintiff also alleges claims for violation of the Fourteenth Amendment and 42 U.S.C. § 1983.  Defendant represents that during an attorney conference, Plaintiff's counsel stated that those claims were inadvertently included and agreed to withdraw those claims.  Defendant also points out that these claims are not actionable because the Fourteenth Amendment does not extend to the acts of nongovernmental persons and Plaintiff has not alleged that Defendant "acted under color of law" as is required for a section 1983 claim.  In her response, Plaintiff does not respond to this argument.  The Court finds these claims are due to be dismissed.

Appeals. *See Grantham v. Albermarle Corp.*, 244 F.3d 137 (5th Cir. 2000) (unpublished table decision); *Nichols*, 81 F.3d at 41; *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 150 (5th Cir. 1995).

Once the defendant states a legitimate non-discriminatory reason for the decision, the burden switches back to the plaintiff to raise a genuine and material fact issue as to whether the defendant's reason is actually pretext for discrimination. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1184 (5th Cir. 1996); *see also Graise v. Entergy Operations, Inc.*, No. 05-60966, 2006 WL 3419715, at *2 (5th Cir. Nov. 28, 2006). "[I]n this third step, the plaintiff must substantiate his [or her] claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citations omitted).

The Court assumes that Ms. Myers has established a prima facie case of discrimination for the purposes of this motion. *See Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 639 (5th Cir. 1985) ("[T]o establish a prima facie case, a plaintiff need only make a very minimal showing."). Moreover, Defendant's record evidence of the reduction-in-force satisfies its burden of proffering a legitimate non-discriminatory reason for termination. *Nichols*, 81 F.3d at 41. Thus, the question is pretext.

In an effort to demonstrate pretext, Plaintiff advances four theories: (1) no merger occurred; (2) District Manager James Jaeger, who is white, was biased in favor of African-Americans; (3) Plaintiff was the only white employee at Northpark Mall and was the only employee to lose her job; and (4) Plaintiff was more qualified than the three retained African-American managers.

3

A. The Merger

Plaintiff suggests that the alleged merger was a sham, designed to hide Defendant's discriminatory motives. To support this contention, Plaintiff insists that the Northpark Mall store operated under the name "Victoria's Secret" and the two departments, cosmetics and lingerie, "were in the same building, had the same office, the same bathroom, the same telephone number, same paychecks from Victoria's Secret to all employees, and all were paid on the same date." Plaintiff also questions the legitimacy of the merger because she did not learn about it until her employment was terminated.

Plaintiff's assertions in this regard amount to nothing more than speculation. The record before the Court includes corporate documents demonstrating that lingerie was operated by Victoria's Secret Stores, Inc. and cosmetics was operated by Victoria's Secret Beauty. A Certificate of Merger confirms that the entities merged. Defendant's Vice President of Human Resources-Stores, Marvin Clayton, explained in his declaration that the merger was part of an effort to restructure "in order to eliminate inefficiencies and streamline the business. . . ." He further declared that "[a]s a result of the merger, the side-by-side stores did not need as many managers." Plaintiff offered no competent evidence to rebut Defendant's proof that the merger occurred, and she confirmed during her deposition that lingerie and cosmetics had different managerial teams within the store and different district managers. Finally, the fact that Plaintiff was not aware of the merger or reduction-in-force until she was informed of the discharge does not prove the absence of a merger.

B. <u>District Manager James Jaeger</u>

Plaintiff repeatedly asserts in her memorandum that District Manager James Jaeger made the decision to terminate her employment and did so because he favors African-American women. Jaeger, who is white, is purportedly married to an African-American and allegedly flirted with the African-American employees.

Whether or not Jaeger was more friendly with the African-American employees is irrelevant because the unrebutted record evidence shows that Plaintiff was wrong in her speculation that Jaeger made the decision to terminate her employment. According to Clayton's declaration, the human resources department and a group of regional managers "evaluated the associates on their job-related competency and the needs of the streamlined business." Clayton unequivocally states that Jaeger, a district manager, played no role in that decision. Plaintiff herself testified that Jaeger was not her district manager but was instead the district manager for the lingerie side of the store -- Plaintiff reported to someone else. Accordingly, the allegations of racial bias on the part of Jaeger (even if true) do not show pretext because there is no evidence that Jaeger participated in the decision to terminate Plaintiff's employment. *See Nichols*, 81 F.3d at 41- 42 (finding that comments by plaintiff's immediate supervisor were not probative evidence of unlawful discrimination because supervisor was not relevant decision maker).

C. <u>The Scope of the Reduction-In-Force</u>

In her memorandum, Plaintiff attempts to show pretext by arguing that "the only downsizing by Victoria's Secret was the termination of Plaintiff, the only white person from two (2) stores." Plaintiff is again speculating, this time with respect to the scope of the reduction-in-force. Although she may not have been aware of other terminations, Clayton attested that "[i]n

the district in which Plaintiff worked, nine other management associates lost their positions. Two of the nine were Caucasian; seven were African-American." These facts are unrebutted in the record, and Plaintiff's speculations to the contrary fail to create a question of fact for the jury.

D. Plaintiff's Qualifications

Plaintiff finally argues that she is more qualified than the retained African-American managers Sharon Barnes, Karenthia Travis and Mikki Jones. In addition to offering her own opinion, Plaintiff attaches an affidavit from a co-worker who states that she worked with all four managers and believes Plaintiff is better qualified.

Evidence of superior qualifications would create a question for the jury because a plaintiff in a reduction-in-force case can prove pretext by providing evidence that he or she was "clearly better qualified" than the retained employees. *Nichols*, 81 F.3d at 42. However, "[t]o establish a fact question as to relative qualifications, a plaintiff must provide sufficiently specific reasons for his [or her] opinion; mere subjective speculation will not suffice." *Id.* The Fifth Circuit Court of Appeals has recognized that "the bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparties are 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 356 (5th Cir. 2001) (quoting *Deines v. Tex. Dept. of Prot. & Regulatory Servs.*, 164 F.3d 277, 280-81 (5th Cir. 1999)).

Plaintiff faces a high burden that she fails to meet. She cannot merely claim that she is better qualified, she must introduce evidence demonstrating that she is better. *Nichols*, 81 F.3d at 41 (rejecting plaintiff's subjective opinions and holding that "[m]ore evidence, such as

6

comparative work performance, is needed."). Although Plaintiff offers the affidavit of her co-worker, that affidavit merely states the declarant's subjective and conclusory opinion that Plaintiff's qualifications are superior. It too fails to create a question for the jury. *See Dailey v. Vought Aircraft Indus., Inc.*, 135 F. App'x 642, 645 (5th Cir. 2005) (affirming summary judgment in favor of employer where the plaintiff presented, among other things, deposition statements of associates that the plaintiff was qualified for promotion); *Barnes v. U.S. Dept. of Navy*, 95 F. App'x 46, 50 (5th Cir. 2004) (affirming summary judgment in favor of employer where the plaintiff offered two declarations from those familiar with his work, testifying to his excellent performance and his qualifications for the manager position).

Even if subjective beliefs of superior qualifications could create a jury question (which they cannot), Plaintiff's deposition testimony calls into doubt whether she actually considers herself to be "clearly better qualified." Although she testified that her qualifications were superior, she also gave the following testimony:

> Q. On what basis do you claim that your learning skills were superior to Mickey's [sic]? Is it because you're white and she's black?
> A. No.
> Q. On what basis do you make that claim?
> A. Well, we both just – anybody – not just anybody, but basically we just opened and closed the store down and make sure it was running right.
> Q. On what basis do you think that you could have done that better than Mickey [sic]?
> A. I don't guess I could have done it better than her.
> Q. I'm sorry. Could you repeat that?
> A. I don't guess I really could have done it better than her. We both did it equally.
> Q. How about Sharon? On what basis do you claim that you could have done it better than Sharon? On what basis do you claim that your learning skills were superior to Sharon's?
> A. I'd say they're probably the same.
> Q. And on what basis do you claim that your skills were superior to Karenthia's?

7

A. It was the same.

Looking more closely at the comparators, Sharon Barnes and Karenthia Travis were store managers who held positions superior to Plaintiff's position. There is no record evidence suggesting that Plaintiff was clearly more qualified than either of these employees, and her deposition testimony all but admits that she was not.

A closer question exists with respect to Mikki Jones, Plaintiff's counterpart on the lingerie side of the store. It is here that Plaintiff comes closest to offering specific evidence of clearly better qualifications. Although Jones and Plaintiff worked in different departments, Plaintiff argues that she was a co-manager for approximately two years longer than Jones. This does not, however, prove pretext because an "attempt to equate years served with superior qualifications... [is] unpersuasive." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 959 (5th Cir. 1993) (quoted in *Nichols*, 81 F.3d at 42).

In *Nichols v. Loral Vought Systems Corp.*, the plaintiff was laid off following a reduction-in-force. The plaintiff claimed that the reduction-in-force was pretext for unlawful age discrimination because younger and less experienced employees retained employment. The Fifth Circuit Court of Appeals affirmed summary judgment holding that "[g]reater experience alone will not suffice to raise a fact question as to whether one person is clearly more qualified than another." 81 F.3d at 42. In this case, Ms. Myers had been a co-manager longer than Jones, but Jones joined the store first and, more importantly, was co-manager in lingerie which enjoyed larger sales volume than Plaintiff's department. Plaintiff's longer tenure in management fails to create a jury question. *Id*.

8

### III. CONCLUSION

The Court finds that Plaintiff has failed to prove that the reduction-in-force was pretext for unlawful discrimination. The Court has considered and rejected the remaining arguments Plaintiff raised in her memorandum.

ACCORDINGLY, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE